Citation Nr: 1438766 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 07-34 521A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in St. Petersburg, Florida


THE ISSUE

Entitlement to an initial rating in excess of 30 percent for the service-connected spinal stenosis, spondylosis and degenerative disc disease of the cervical spine.


REPRESENTATION

Appellant represented by: American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Y. Venters, Associate Counsel 


INTRODUCTION

The Veteran served on active duty from August 1986 to August 1989. He also served with the Army Reserve.

This matter initially came before the Board of Veterans' Appeals (Board) on an appeal from a November 2006 rating decision issued by the RO that granted service connection for degenerative spinal stenosis, spondylosis, and degenerative disc disease (DDD) of the cervical spine and assigned a 10 percent rating.

The Veteran testified at a hearing held at the RO before the undersigned Veterans Law Judge in May 2009. A transcript of the hearing is of record.

In a September 2009 decision, the Board assigned an increased initial rating of 20 percent and remanded the claim for a higher rating for additional development, to include whether a separate compensable rating was assignable for neurological sequelae of the cervical spine disability. 

In December 2013, the Board remanded the case for additional development of the record. The RO is found to have complied with the Board's remand instructions. Stegall v. West, 11 Vet. App. 268, 271 (1998).

In a May 2014 rating decision, the RO assigned a higher initial rating of 30 percent for the service-connected cervical spine disability; a separate 40 percent rating for the service-connected radiculopathy of the right upper extremity, effective on May 18, 2009; and a separate 30 percent rating for the service-connected headaches, effective on April 10, 2010. 

The Veteran did not appeal the decisions involving the radiculopathy and headaches. Therefore, these claims for increase are no longer before the Board.

This increase during the appeal did not constitute a full grant of the benefit sought. Therefore, the Veteran's claim for an increased evaluation for the cervical spine disability remains on appeal. See AB v. Brown, 6 Vet. App. 35, 39 (1993).

This appeal was processed using the Virtual VA and VBMS paperless claims processing systems. Accordingly, any future consideration of the Veteran's case should take into consideration the existence of these electronic records. 


FINDING OF FACT

The service-connected cervical spine disability picture is not shown to be manifested by unfavorable ankylosis or incapacitating episodes due to intervertebral disc syndrome.


CONCLUSION OF LAW

The criteria for the assignment of an increased, initial rating in excess of 30 percent for the service-connected cervical spine disability have not been met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.159, 4.1, 4.3, 4.7, 4.71, 4.71a including Diagnostic Codes (DCs) 5235 to 5243 (2013).


REASONS AND BASES FOR FINDING AND CONCLUSION

VCAA

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2013).

In a claim for increase, VCAA requires only generic notice as to the type of evidence needed to substantiate the claim; namely, evidence demonstrating a worsening or increase in severity of the disability and the effect that worsening has on employment, as well as general notice regarding how disability ratings and effective dates are assigned. Vazquez-Flores v. Shinseki, 580 F.3d 1270, 1277 (2009). Such notice was provided to the Veteran in June 2007.

VA's duty to assist the Veteran in the development of the claim includes assisting him in the procurement of service treatment records and pertinent treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. The Board finds that all necessary development has been accomplished. See Bernard v. Brown, 4 Vet. App. 384 (1993). 

The claims file contains the Veteran's service treatment records, as well as post-service reports of VA treatment and examination reports. His statements in support of his claims are also of record.

The Board notes that the results of a January 2014 VA examination as requested by the December 2013 remand are of record. See Stegall v. West, 11 Vet. App. 268, 271 (1998). 

The Board has carefully reviewed the Veteran's statements and the medical evidence of record, and concludes that no available outstanding evidence has been identified. 

For these reasons, no further notice or assistance is required to fulfill VA's duty to assist the Veteran in the development of the claim. 38 C.F.R. § 3.159(c).


Analysis

Disability ratings are assigned in accordance with the VA's Schedule for Rating Disabilities and are intended to represent the average impairment of earning capacity resulting from disability. See 38 U.S.C.A. § 1155 (West 2002); 38 C.F.R. §§ 3.321(a), 4.1 (2013). Separate diagnostic codes identify the various disabilities. See 38 C.F.R. Part 4. 

The determination of whether an increased evaluation is warranted is based on review of the entire evidence of record and the application of all pertinent regulations. See Schafrath v. Derwinski, 1 Vet. App. 589 (1991). 

Once the evidence is assembled, the Secretary is responsible for determining whether the preponderance of the evidence is against the claim. See Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990). If so, the claim is denied; if the evidence is in support of the claim or is in equal balance, the claim is allowed. Id. 

Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the higher rating criteria. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

The evaluation of the same disability under various diagnoses is to be avoided. 38 C.F.R. § 4.14 (2013). 38 C.F.R. § 4.14 does not preclude the assignment of separate evaluations for separate and distinct symptomatology where none of the symptomatology justifying an evaluation under one diagnostic code is duplicative of or overlapping with the symptomatology justifying an evaluation under another diagnostic code. Esteban v. Brown, 6 Vet. App. 259, 262 (1994).

In evaluating the severity of a particular disability it is essential to consider its history. 38 C.F.R. § 4.1; Peyton v. Derwinski, 1 Vet. App. 282 (1991). The United States Court of Appeals for Veterans Claims (Court) has held that "staged" ratings are appropriate for any rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. See Hart v. Mansfield, 21 Vet. App. 505 (2007); Fenderson v. West, 12 Vet. App 119 (1999). 

The Board finds that the disability has remained essentially consistent in severity throughout the appeal as to warrant the assignment of a uniform rating. 

Disability of the musculoskeletal system is primarily the inability, due to damage or infection in the parts of the system, to perform the normal working movements of the body with normal excursion, strength, speed, coordination, and endurance. It is essential that the examination on which ratings are based adequately portray the anatomical damage, and the functional loss, with respect to all these elements.

The functional loss may be due to absence of part, or all, of the necessary bones, joints and muscles, or associated structures, or to deformity, adhesions, defective innervation, or other pathology, or it may be due to pain, supported by adequate pathology and evidenced by visible behavior of the claimant undertaking the motion. Weakness is as important as limitation of motion, and a part which becomes painful on use must be regarded as seriously disabled. 38 C.F.R. §§ 4.10, 4.40, 4.45; DeLuca v. Brown, 8 Vet. App. 202 (1995).

After the evidence has been assembled, it is the Board's responsibility to evaluate the entire record. 38 U.S.C.A. § 7104(a). The standard of proof to be applied in decisions on claims for veterans' benefits is set forth at 38 U.S.C.A. § 5107 (West 2002). A Veteran is entitled to the benefit of the doubt when there is an approximate balance of positive and negative evidence. See 38 C.F.R. § 3.102. 

When a Veteran seeks benefits and the evidence is in relative equipoise, the Veteran prevails. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990). The preponderance of the evidence must be against the claim for benefits to be denied. See Alemany v. Brown, 9 Vet. App. 518 (1996). 

In this case, the Veteran contends that he is entitled to a higher initial rating for his service-connected cervical spine disability under the provisions of 38 C.F.R. § 4.71a, Diagnostic Codes 5235 to 5243. 

The regulations provide a General Rating Formula for Disease and Injuries of the Spine that is applicable to Coded 5235 to 5243 unless 5243 is rated under the Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes.

With or without symptoms such as pain (whether or not it radiates), stiffness, or aching in the area of the spine affected by residuals of injury or disease:

A 10 percent evaluation will be assigned for forward flexion of the thoracolumbar spine greater than 60 degrees but not greater than 85 degrees; or, forward flexion of the cervical spine greater than 30 degrees but not greater than 40 degrees; or, combined range of motion of the thoracolumbar spine greater than 120 degrees but not greater than 235 degrees; or, combined range of motion of the cervical spine greater than 170 degrees but not greater than 335 degrees; or, muscle spasm, guarding, or localized tenderness not resulting in abnormal gait or abnormal spinal contour; or, vertebral body fracture with loss of 50 percent or more of the height. 

A 20 percent rating is assigned for forward flexion of the thoracolumbar spine greater than 30 degrees but not greater than 60 degrees; or, forward flexion of the cervical spine greater than 15 degrees but not greater than 30 degrees; or, the combined range of motion of the thoracolumbar spine not greater than 120 degrees; or, the combined range of motion of the cervical spine not greater than 170 degrees; or, muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis.

A 30 percent is assigned for forward flexion of the cervical spine 15 degrees or less; or favorable ankylosis of the entire cervical spine.

A 40 percent evaluation will be assigned for unfavorable ankylosis of the entire cervical spine; or, forward flexion of the thoracolumbar spine 30 degrees or less; or, favorable ankylosis of the entire thoracolumbar spine.

A 50 percent evaluation is assigned when there is unfavorable ankylosis of the entire thoracolumbar spine. 

A 100 percent evaluation is assigned when there is unfavorable ankylosis of the entire spine. 

Note (1): Evaluate any associated objective neurologic abnormalities, including but not limited to, bowel or bladder impairment, separately, under an appropriate diagnostic code. 

Note (2): For VA compensation purposes, normal forward flexion of the cervical spine is 0 to 45 degrees, extension is 0 to 45 degrees, left and right lateral flexion are 0 to 45 degrees, and left and right lateral rotation are 0 to 80 degrees. Normal forward flexion of the thoracolumbar spine is 0 to 90 degrees, extension is 0 to 30 degrees, left and right lateral flexion are 0 to 30 degrees, and left and right lateral rotation are 0 to 30 degrees.

The combined range of motion refers to the sum of the range of forward flexion, extension, left and right lateral flexion, and left and right rotation. The normal combined range of motion of the cervical spine is 340 degrees and of the thoracolumbar spine is 240 degrees. The normal ranges of motion for each component of spinal motion provided in this note are the maximum that can be used for calculation of the combined range of motion. 

Note (4): Round each range of motion measurement to the nearest five degrees. 

Diagnostic Code 5243 provides that intervertebral disc syndrome (preoperatively or postoperatively) be rated either under the General Rating Formula for Disease and Injuries of the Spine, or under the Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes, whichever method results in the higher evaluation when all disabilities are combined under 38 C.F.R. § 4.25.

An incapacitating episode is a period of acute signs and symptoms that requires bed rest prescribed by a physician and treatment by a physician.

Here, the service treatment records generally show treatment for neck pain, muscle tightness and strain. The records also show that the Veteran was placed on a physical profile due to spinal cord compression of the neck.

The VA treatment records note ongoing treatment for the cervical spine degenerative disease. 

At the VA examination in January 2014, the examiner found that the range of motion of the cervical spine was that of forward flexion performed to 10 degrees, extension performed to 5 degrees, right lateral flexion performed to 5 degrees, left lateral flexion performed to 5 degrees, right lateral rotation performed to 20 degrees and left lateral rotation performed to 5 degrees. The examiner noted that there was no ankylosis of the cervical spine.

The Veteran was noted to have additional functional limitation or impairment of the cervical spine due to pain on movement. The examiner diagnosed intervertebral disc syndrome, but reported there were no incapacitating episodes over the past 12 months due to intervertebral disc syndrome.

Thus, on this record, the service-connected cervical spine disability picture is not shown to be productive of unfavorable ankylosis or incapacitating episodes to warrant the assignment of a rating higher than 30 percent in this case. 38 C.F.R. § 4.71a, DCs 5235 to 5243 (2013). 

The Board finds that the Veteran's lay assertions of experiencing increased pain in his cervical spine are found to be credible. See Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007) (concerning rheumatic fever); see also Routen v. Brown, 10 Vet. App. 183, 186 (1997) ("a layperson is generally not capable of opining on matters requiring medical knowledge"). 

However, a rating higher than 30 percent is not assignable because his lay statements alone do not serve to show a level of impairment productive of unfavorable ankylosis or incapacitating attacks during the period of the appeal. 

Accordingly, the evidence is against the assignment of an evaluation higher than 30 percent for the cervical spine disability under Diagnostic Codes 5235 to 5243.



Extraschedular Considerations

The Board has also considered whether this case should be referred for extra-schedular consideration pursuant to 38 C.F.R. § 3.321(b)(1). However, this case does not present such an exceptional or unusual disability picture that it would be impracticable to apply the schedular standards, and referral is unnecessary. See Thun v. Peake, 22 Vet. App. 111, 115-16 (2008). 

The manifestations of the cervical spine disability are fully contemplated by the schedular rating criteria. Specifically, the rating criteria address the Veteran's level of functional loss due to pain in terms of limitation of motion. Accordingly, referral for consideration of an extraschedular rating is not indicated. See Thun, 22 Vet. App. at 115-16.


ORDER

An evaluation for an initial rating in excess of 30 percent for the service-connected spinal stenosis, spondylosis, and degenerative disc disease of the cervical spine is denied.


____________________________________________
STEPHEN L. WILKINS
Veterans Law Judge, 
Board of Veterans' Appeals



Department of Veterans Affairs